UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SAIANA DAGBAZHALSANOVA,

               Plaintiff,

         -against-

JOHN M. ALLEN,

               Defendant.
-----------------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

**MEMORANDUM AND ORDER**
25-CV-02672 (OEM)

On May 13, 2025, Plaintiff Saiana Dagbazhalsanova ("Plaintiff") commenced this action against John M. Allen ("Defendant"), in his official capacity as Deputy Associate Director for Service Center Operations, Adjudications, U.S. Citizenship and Immigration Services ("USCIS"). *See generally* Complaint for Declaratory, Injunctive, and Mandamus Relief, Dkt. 1 ("Complaint" or "Compl."). Plaintiff challenges USCIS's decision to deny her Form I-140 Immigrant Petition under the EB-2 National Interest Waiver ("NIW") category. *Id.* at 1. She seeks "a declaratory judgment that USCIS's denial was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law under the Administrative Procedure Act ('APA'), 5 U.S.C. §§ 701-06," and "an injunction and writ of mandamus compelling USCIS to vacate the denial and approve the petition forthwith." *Id.*

Before the Court are Plaintiff's fully briefed motion for summary judgment and Defendant's cross-motion to dismiss the Complaint for lack of subject-matter jurisdiction or, alternatively, for summary judgment.[1] For the following reasons, Defendant's motion to dismiss is granted, and the case is dismissed for lack of subject-matter jurisdiction.

---

[1] *See generally* Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, Dkt. 13 ("Plaintiff's Motion" or "Pl.'s Mot."); Memorandum of Law in Support of Defendant's Cross-Motion to Dismiss or in the Alternative for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, Dkt. 16

## BACKGROUND

### A. Statutory and Regulatory Framework

#### 1. Immigration and Nationality Act

The Immigration and Nationality Act ("INA") allows USCIS to grant work visas to immigrants[2] with "advanced degrees or . . . exceptional ability in the sciences, arts, or business." 8 U.S.C. § 1153(b)(2)(A). An immigrant seeking a work visa must show that her services are "sought by an employer in the United States." *Id.* To do so, the U.S. Department of Labor must provide the immigrant with a "labor certification." *Id.* § 1182(a)(5)(A), (D); 8 C.F.R. § 204.5(k)(4)(i). The INA also provides an exception to the labor certification requirement by means of the NIW. *See* 8 U.S.C. § 1153(b)(2)(B)(i). That provision states that "[s]ubject to clause (ii), [USCIS] may, when [USCIS] deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States."[3] *Id.*

The INA also bars judicial review of "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). In other words, 8 U.S.C. § 1252(a)(2)(B)(ii) "strips federal courts of jurisdiction to review decisions 'specified' in the INA 'to be in the discretion of the Attorney

---

("Defendant's Motion and Opposition" or "Def.'s Mot. & Opp'n"); Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Cross-Motion for Summary Judgment, Dkt. 18 ("Plaintiff's Reply and Opposition" or "Pl.'s Reply & Opp'n"); Reply Memorandum of Law in Support of Defendant's Cross-Motion to Dismiss or in the Alternative for Summary Judgment, Dkt. 20 ("Defendant's Reply" or "Def.'s Reply").

[2] The Court uses the terms "alien," "noncitizen," and "immigrant" interchangeably.

[3] The statute refers to the U.S. Attorney General, but Congress transferred that authority to the U.S. Secretary of Homeland Security, who, in turn, transferred that authority to USCIS. *See* 6 U.S.C. § 557; 8 C.F.R. § 1001.1(c); *Sarkisova v. Miller*, 25-CV-00235, 2026 WL 254261, at *1 n.2 (E.D.N.Y. Feb. 1, 2026).

General or the Secretary of Homeland Security.'" *Ji Lin v. Mayorkas*, 537 F. Supp. 3d 408, 412 (E.D.N.Y. 2021) (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)).

### 2. Administrative Procedure Act

The APA permits judicial review of an agency action unless a "statute[] preclude[s] judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2); *Ji Lin*, 537 F. Supp. 3d at 412. If an agency action is reviewable, the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Agency action is arbitrary and capricious if

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, [or] offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983); *Verizon Commc'ns Inc. v. Fed. Commc'ns Comm'n*, 156 F.4th 86, 98 (2d Cir. 2025). This scope of review is "narrow" and, while the court must not "substitute its judgment for that of the agency," the court must "consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Motor Vehicle Mfrs.*, 463 U.S. at 30-31.

### B. Factual Background[4]

Plaintiff is a Russian national residing in Brooklyn, New York. Compl. ¶ 5. She holds a Master of Arts degree in foreign language and a Master of Science degree in finance, and she "has

---

[4] The following facts are taken from Plaintiff's Complaint and the administrative record. *See* Compl.; Certified Administrative Record, Dkt. 10-1 to Dkt. 10-8 ("Record" or "R."). All page numbers cited in the Record refer to the Bates stamp in black at the bottom center of each page.

professional experience in administrative management and logistics." *Id.*; *id.* ¶ 7.  Plaintiff sought to "launch[] and manage[] a logistics and transportation services business . . . to address industry needs."  *Id.* ¶ 9.

### 1. Form I-140

On December 1, 2022, Plaintiff filed a Form I-140 Immigrant Petition for Alien Worker under INA § 203(b)(2) (EB-2) ("I-140 Petition").  *Id.* ¶ 7; *see* R. at 0482-0629.  She sought classification as either "(a) a member of the professions holding an advanced degree" or "(b) an individual of exceptional ability in the sciences, arts, or business."  Compl. ¶ 7.  Pursuant to INA §§ 203(b)(2)(B)(i) and 1153(b)(2)(B)(i), she also requested an NIW "to waive the job offer and labor certification requirements" in light of the importance of her proposed work.  *Id.*; *see* R. at 0539.

On March 13, 2022, USCIS "issued a Request for Evidence ('RFE')," which notified her of "perceived deficiencies in the petition."  Compl. ¶ 8; R. at 0464-70.  Specifically, it "questioned whether Plaintiff's qualifications met the regulatory criteria for an advanced-degree professional or exceptional ability, and whether her proposed endeavor had substantial merit and national importance under the standard set forth in *Matter of Dhanasar*, 27 I. & N. Dec. 884 (AAO 2016)."  Compl. ¶ 8; *see* R. at 0466-70.  On August 7, 2023, Plaintiff responded to the RFE with evidence of her academic credentials, "proof of her professional experience and certifications," and a statement "describing an entrepreneurial endeavor in the logistics sector."  Compl. ¶ 9 (emphasis omitted); *see* R. at 0285-0463.  "She also submitted letters from potential clients and an industry expert to support the national importance of her project."  Compl. ¶ 9; *see* R. at 0369-82.

On September 1, 2023, USCIS denied the I-140 Petition.  Compl. ¶ 10; R. at 0279-84. "The denial noted that Plaintiff met the basic educational requirements but concluded that she had not satisfied the NIW criteria under *Matter of Dhanasar*."  Compl. ¶ 10; R. at 0282.  Specifically,

USCIS concluded that her endeavor met the national importance threshold but that she was not well positioned to advance the endeavor. R. at 0282-83. USCIS additionally determined that her qualifications did not fit the advanced degree professional category. *Id.* at 0282.

### 2. Form I-290B

On or about October 3, 2023, Plaintiff filed a Form I-290B motion to reopen and reconsider USCIS's denial of her I-140 Petition. Compl. ¶ 11; *see* R. at 0239-78. She clarified how her master's degrees "provided her with a unique skill set to succeed in her logistics/administrative management endeavor." Compl. ¶ 11; *see* R. at 0246-48. She further summarized how her endeavor "has broad economic importance." Compl. ¶ 11; R. at 0253-55.

On November 13, 2023, USCIS dismissed Plaintiff's motion to reopen and reconsider and provided a discussion of the dismissal despite not being required to do so. Compl. ¶ 12; R. at 0231-34. Plaintiff contends that the dismissal "provided no substantive analysis" and "USCIS did not meaningfully review the evidence submitted with the motion." Compl. ¶ 12.

### 3. Federal Lawsuit and Reopening of Plaintiff's I-140 Petition

After USCIS's dismissal of her Form I-290B motion, Plaintiff joined as a co-plaintiff in a group mandamus lawsuit in the Eastern District of New York, *Dagbazhalsanova v. USCIS*, 23-CV-9599 (LDH), wherein the plaintiffs "sought to compel USCIS to adjudicate or reopen several NIW petitions that had been unreasonably delayed or improperly denied." *Id.* ¶ 13. On May 7, 2024, USCIS agreed to reopen Plaintiff's I-140 Petition, which resulted in a voluntary dismissal of the group mandamus case. *Id.*

After reopening Plaintiff's I-140 Petition, USCIS issued a Notice of Intent to Deny ("NOID") on May 8, 2024. *Id.* ¶ 14; R. at 0199-212. The NOID indicated that Plaintiff had not established the three *Dhanasar* prongs and granted Plaintiff an opportunity to submit additional evidence or arguments before a new decision. Compl. ¶ 14; R. at 207-12.

On or about June 7, 2024, Plaintiff responded to the NOID.  *Id.* ¶ 15; *see* R. at 0044-0198. Plaintiff urged that "no impermissible 'material change' had occurred" and presented evidence such as letters of interest from potential clients, a refined business plan, updated expert opinion letters, market analysis reports, and proof of her past achievements and skillset.  Compl. ¶ 15; *see* R. at 0045-47, 0066-0198.

On March 25, 2025, USCIS again denied Plaintiff's I-140 Petition.  Compl. ¶ 16; *see* R. at 0001-0028.  USCIS concluded that she met "the minimum regulatory criteria outlined in three of the six criteria; however . . . based on a totality of the evidence [she had] not demonstrated that she possesses a degree of expertise significantly above that ordinarily encountered in the sciences, arts, or business" and was not "an individual of exceptional ability."  R. at 0022.  Further, USCIS concluded that Plaintiff failed to satisfy all three *Dhansar* prongs.  *Id.* at 0023-27.  In sum, it reasoned that she had not established that her endeavor was "of national importance."  *Id.* at 0023-25.  USCIS also reasoned that she failed to provide evidence that she as well-positioned to advance the endeavor and it declined to grant significant weight to her supporting documents that were dated after her I-140 Petition was filed.  *Id.* at 0025-27.  As a result, USCIS determined she was ineligible for an NIW.  *Id.* at 0026-27.

**LEGAL STANDARDS**

**A. Subject-Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)")] when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 111, 113 (2d Cir. 2000).  A plaintiff bears the burden of proving that subject-matter jurisdiction exists by a preponderance of the evidence.  *Id.*  "'[T]he court must take all facts alleged in the complaint as

6

true and draw all reasonable inferences in favor of plaintiff, . . . but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Aus. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (alteration in original) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)). In resolving a Rule 12(b)(1) motion, a court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

## B. Summary Judgment

Federal Rule of Civil Procedure 56 ("Rule 56") provides that a court may grant a motion for summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Globecon Grp., LLC v. Hartford Fire Ins.*, 434 F.3d 165, 170 (2d Cir. 2006) (quoting FED. R. CIV. P. 56(c)). The moving party bears the burden of showing that they are entitled to summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where, the burden of persuasion at trial would be on the non-moving party, the moving party may satisfy its burden either: "(1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim." *Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988) (citing *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting)).

**DISCUSSION**

**A. Defendant's Motion to Dismiss**

Defendant argues that the Court lacks subject-matter jurisdiction for two reasons: (1) that 8 U.S.C. § 1252(a)(2)(B)(ii) "'preclude[s] judicial review' of NIW decisions," Def.'s Mot. & Opp'n at 11 (alteration in original) (quoting 5 U.S.C. § 701(a)(1)), and (2) that, under the APA, denying an NIW is "agency action [] committed to agency discretion by law," *id.* (alteration in original) (quoting 5 U.S.C. § 701(a)(2)). In opposition, Plaintiff contends that her claims "raise questions of law and application of law to fact," which fall within "the APA's presumption of reviewability." Pl.'s Opp'n & Reply at 4-5. While Plaintiff agrees that NIW is discretionary, Plaintiff asserts that "the Court should interpret this jurisdictional bar narrowly, consistent with its text and the guidance of the Supreme Court, to exclude from its reach the purely legal issues raised by Plaintiff's complaint." *Id.* at 5-6. The Court addresses each of Defendant's arguments in turn.

**1. The Court Lacks Subject-Matter Jurisdiction Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii).**

The APA prohibits federal courts from exercising subject-matter jurisdiction if a "statute[] preclude[s] judicial review." 5 U.S.C. § 701(a)(1).[5] U.S. Code title 8, section 1252(a)(2)(B)(ii), in turn, bars judicial review of "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." "'[T]his subchapter' refers to subchapter II of Chapter 12 of Title 8 of the United States Code, which

---

[5] "[T]he Second Circuit has not yet determined whether the INA's jurisdiction-stripping provision insulates NIW decisions from judicial review." *Sarkisova*, 2026 WL 254261, at *4. However, one other court in this District has considered this issue and found the jurisdictional bar applicable, *see id.*, as have other circuit courts, *see Flores v. Garland*, 72 F.4th 85 (5th Cir. 2023); *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189 (11th Cir. 2022); *Mousavi v. U.S. Citizenship & Immigr. Servs.*, 828 F. App'x 130 (3d Cir. 2020); *Poursina v. U.S. Citizenship & Immigr. Servs.*, 936 F.3d 868 (9th Cir. 2019); *Zhu v. Gonzales*, 411 F.3d 292 (D.C. Cir. 2005). This Court is persuaded by these decisions.

includes §§ 1151-1381." *Guayadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006). The relevant inquiry is "'whether the text of the subchapter' itself 'specifie[s]' that the 'decision' is 'in the discretion of the Attorney General,'" *Sarkisova v. Miller*, 25-CV-00235, 2026 WL 254261, at \*5 (E.D.N.Y. Feb. 1, 2026) (alterations in original) (quoting *Nethagani v. Mukasey*, 532 F.3d 150, 154 (2d Cir. 2008)).

Defendants argue that 8 U.S.C. § 1153(b)(2)(B)(i) statutorily commits the NIW decision to the discretion of USCIS. Def.'s Mot. & Opp'n at 12. The Court agrees. That statute states that USCIS "may, when [USCIS] deems it to be in the national interest, waive the" labor certification. 8 U.S.C. § 1153(b)(2)(B)(i). The use of the permissive "may" in a statute "implies some degree of discretion." *Hussein v. Maait*, 129 F.4th 99, 121 (2d Cir. 2025) (quoting *United States v. Rodgers*, 461 U.S. 677, 706 (1983)) (discussing statutory language in 28 U.S.C. § 1441(d)); *cf. Mahdawi v. Trump*, 136 F.4th 443, 453-54 (2d Cir. 2025) (contrasting the use of the "obligatory 'shall'" in 8 U.S.C. § 1231(g) with the use of the "permissive 'may'" and language specifying what decisions are in the Attorney General and DHS Secretary's discretion in other sections of the INA); *Ozturk v. Hyde*, 136 F.4th 382, 395 (2d Cir. 2025) (same); *see also Poursina v. U.S. Citizenship & Immigr. Servs.*, 936 F.3d 868, 871 (9th Cir. 2019) (noting that, in 8 U.S.C. § 1153(a)(2)(B)(i), the use of "may" contrasts with subsection (B)(ii), which delineates cases in which the Attorney General "*shall* grant a national interest waiver'" (quoting 8 U.S.C.§ 1153(a)(2)(B)(ii)(I))); *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1193 (11th Cir. 2022) (same). Further, the use of the word "deems" adds a second "layer of discretion," *Sarkisova*, 2026 WL 254261, at \*5, and deference to USCIS, *see Webster v. Doe*, 486 U.S. 592, 600 (1988) (reasoning that "deem" "fairly exudes deference to the [agency], and appears to us to foreclose the application of any meaningful judicial standard of review"); *Bouarfa v. Mayorkas*,

9

604 U.S. 6, 13-14 (2024) (determining that the statutory use of the words "may" and "deems" are "a quintessential grant of discretion to the Secretary").  Additionally, the statute's reference to "the national interest" is not a judicially manageable standard of review and best conferred to agency judgment.  *Poursina*, 936 F.3d at 871-72 (citing *Webster*, 486 U.S. at 600).

Accordingly, 8 U.S.C. § 1153(b)(2)(B)(i) commits the NIW decision to the USCIS's discretion, and the Court cannot review its denial under 8 U.S.C. § 1252(a)(2)(B)(ii).

### 2. The Court Does Not Reach Subject-Matter Jurisdiction Pursuant to 5 U.S.C. § 701(a)(2).

Having found the jurisdiction-stripping provision applies, the Court does not reach Defendant's argument that the Court lacks subject-matter jurisdiction under 5 U.S.C. § 701(a)(2). *See, e.g.*, *Zhu v. Gonzales*, 411 F.3d 292, 294 (D.C. Cir. 2005) (declining to reach the government's alternative argument that 5 U.S.C. § 701(a)(2) prohibited judicial review after finding that 8 U.S.C. § 1252(a)(2)(B)(ii) prohibited judicial review).

### 3. Plaintiff's Counterarguments Fail.

Plaintiff's arguments to the contrary are unavailing.  At a high level, Plaintiff urges the Court to apply the jurisdictional bar "narrowly . . . to exclude from its reach the purely legal issues raised by Plaintiff's complaint."  Pl.'s Reply & Opp'n at 6.  Plaintiff contends that each of the aforementioned circuit cases are distinguishable, as is applicability of the jurisdictional bar, because her claims "target legal and procedural error rather than a request that the Court reweigh the agency's discretionary judgment."  *Id.* at 6-8.  Specifically, Plaintiff argues that the USCIS's denial of her NIW was erroneous because (1) it misapplied "the 'material change' doctrine to discount Plaintiff's evidence"; (2) it erroneously interpreted "8 C.F.R. § 204.5(k) and the EB-2 classification requirements"; and (3) it failed "to properly apply the *Matter of Dhanasar* standard

10

for national interest waivers" and disregarded critical evidence in that analysis. Pl.'s Mot. at 18-19. The Court addresses whether each challenge is properly reviewable by this Court.

To start, Plaintiff's first argument is unreviewable. Plaintiff argues that USCIS erred by misapplying the material change doctrine from administrative precedents *Matter of Katigbak*, 14 I. & N. Dec. 45 (B.I.A. 1971) and *In re Izzumi*, 22 I. & N. Dec. 169 (B.I.A. 1998) to discount the updated description of her role from "administrative services and facilities manager" to an "entrepreneurial logistics venture." Pl.'s Mot. ¶¶ 30-3. Plaintiff urges that her updated description was not a material change and argues that the USCIS refused to consider post-filing evidence. *Id.* at ¶¶ 34-35. In opposition, Defendant argues that this position is "nothing more than an unreviewable disagreement with how little weight USCIS accorded her evidence created post-petition." Def.'s Mot. & Opp'n at 13.

The Court agrees with Defendant. In essence, Plaintiff's challenge of the USCIS's treatment of her changed description is a disagreement with how the USCIS exercised its judgment as to her application. Such factual disagreements are not reviewable. *See Sarkisova*, 2026 WL 254261, at *6; *Masroor v. Noem*, 25-256 (JDB), 2025 WL 2439176, at *3 (D.C. Cir. Aug. 25, 2025) ("[F]actual disagreements with a discretionary decision are quintessentially unreviewable because unreviewability flows from the 'nature of the administrative action at issue' not the rationale provided by the agency." (quoting *Sierra Club v. Jackson*, 648 F.3d 848, 855 (D.C. Cir. 2011))).

Plaintiff's second argument fares no better. Plaintiff erroneously interprets the applicable statutory requirements, arguing that the USCIS "erred in its handling of the threshold EB-2 classification criteria under 8 C.F.R. § 204.5(k)" because "[t]he record clearly established Plaintiff's eligibility under at least one, if not both" of the subcategories of EB-2 eligibility. Pl.'s

Mot. ¶ 36. That USCIS imposed a degree-in-field requirement to deem her not a member of the professions is related to her NIW denial, which is exclusively committed to USCIS's discretion. *See Flores v. Garland*, 72 F.4th 85, 93 (5th Cir. 2023). Plaintiff is additionally requesting that the Court re-weigh the evidence to conclude that the record does, in fact, support her EB-2 eligibility. The Court cannot review such evidence. *See Masroor*, 2025 WL 2439176, at *3 (concluding that the plaintiff's arguments that the USCIS 'failed to engage' with important evidence, 'misunderst[ood]' his proposed business plan, and 'focused [too] narrowly' on unfavorable aspects of the record" was not reviewable).

Plaintiff's last argument similarly fails. Plaintiff argues that the USCIS's conclusion that Plaintiff did not satisfy two of the three *Dhanasar* prongs was not supported by the record and "reflect[ed] legal errors in how the agency construed 'national importance' and 'well positioned.'" Pl.'s Mot. ¶ 48. Defendant responds that this is "precisely the type of disagreement with USCIS's discretionary weighing of evidence to deny an NIW that the APA and INA bar." Def.'s Mot. & Opp'n at 13.

Here, too, the Court agrees with Defendant. The USCIS Administrative Appeals Office adopted a framework to adjudicate NIW petitions, which is set forth in *In re Dhanasar*, 26 I. & N. Dec. 884 (B.I.A. 2016). Using that framework, USCIS can grant an NIW "if the petitioner demonstrates by a preponderance of the evidence' that three factors are met," *Flores*, 72 F.4th at 87 (quoting *In re Dhanasar*, 26 I. & N. Dec. at 889):

> (1) that the foreign national's proposed endeavor has both substantial merit and national importance; (2) that the foreign national is well positioned to advance the proposed endeavor; and (3) that, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification.

*In re Dhanasar*, 26 I. & N. Dec. at 889. "[E]ven if a petitioner meets her burden, USCIS can exercise its discretion to deny the waiver." *Flores*, 72 F.4th at 87 (citing *In re Dhanasar*, 26 I. &

N. Dec. at 889 n.9). Therefore, while "*Dhanasar* limits USCIS's discretion to approve waivers . . . *Dhanasar* has no effect . . . on USCIS's discretion to deny waivers." *Id.* at 93. Having already decided that review of the USCIS's discretion is jurisdictionally barred, the Court may not consider Plaintiff's challenge to the USCIS's application of the *Dhanasar* framework to Plaintiff's application. *See Sarkisova*, 2026 WL 254261, at *6 ("[A]gency law limiting the agency's statutorily authorized discretion cannot lift the § 1252(a)(2)(B)(ii) bar." (quoting *Flores*, 72 F.4th at 93)); *see also Rodriguez v. Jaddou*, 3:23-CV-1449-B, 2024 WL 3239931, at *2 (N.D. Tex. June 27, 2024) ("USCIS made a discretionary decision when denying [the plaintiff] a national-interest waiver. Thus, the jurisdictional bar of § 1252(a)(2)(B)(ii) applies here."); *Mancilla v. Seng*, 6:24-cv-01065-PGB-DCI, 2025 WL 2443624, at *4 (M.D. Fla. Aug. 24, 2025) ("[T]he judicial bar in § 1252(a)(2)(B)(ii) precludes judicial review of national interest waiver denials."); *cf. Boufara*, 604 U.S. at 17 (2024) ("Congress did not make the availability of judicial review dependent on agency practice. Rather, § 1252(a)(2)(B)(ii) bars judicial review of decisions 'made discretionary *by legislation.*'" (quoting *Kucana v. Holder*, 558 U.S. 233, 246-57 (2010))).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of subject-matter jurisdiction is granted, and this case is dismissed.

SO ORDERED.

_____
*/s/*
ORELIA E. MERCHANT
United States District Judge

June 2, 2026
Brooklyn, New York

13